UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERMOND KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00796-SEB-MJD |
| | ) |
| GEO GROUP, INC., | ) |
| MAJOR DAVIS, | ) |
| THOMPSON Captain, | ) |
| KRULL Lt., | ) |
| HEADY Sgt., | ) |
| MCGRAFF, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

Plaintiff Jermond King is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The plaintiff alleges that, on September 9, 2017, he was assaulted and stabbed in the face by his cellmate, Christopher Randall. Mr. King explains that it is the policy of New Castle that no door is to be opened without an officer in the pod to assure the safety of the offenders. It is also the policy at New Castle that doors are not opened for offenders during the recreation period unless they are going into their cell and ending their recreation, again for safety and security reasons. At around 1:30pm, Mr. King saw that Randall had entered his cell, and the door was closed and locked. Mr. King went to take a shower, thinking he would be safe since the doors were not to be opened during the recreation period. At around 1:45, Randall forced his way into Mr. King's shower stall and stabbed Mr. King in the face with a weapon.

Mr. King alleges that Officers Heady and McGraff were working in the M-unit control pod at the relevant time, were aware of the policy about opening cell doors, and were responsible for letting Randall out of his cell. He further alleges Captain Thompson and Major Davis are responsible for implementing the policy about opening cell doors and failed to adequately supervise the staff.

## III. Discussion of Complaint

Jail officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857

(7th Cir. 2007) (*quoting Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). To state a claim for failure to protect, Mr. King needs to allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendants acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir.2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

Mr. King's allegations are sufficient to state an Eighth Amendment failure to protect claim against Sergeant Heady and Officer Mc Graff. Thus, these claims **shall proceed**.

Mr. King alleges that Major Davis had a duty to ensure that he was living in a safe environment, that Captain Thomas had a duty to "ensure that the safety, security, and custodial safeguards" were in place to make sure that he was safe from harm, and that Lieutenant Krull had a duty to "make sure that [Mr. King] was safe by enforcing IDOC Policy and common sense safeguards to his safety." Dkt. 1-1 at 11-13.

"Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemsich,* 555 F.3d 592, 594 (7th Cir. 2009). Merely naming supervisors or high level officials as defendants who did not participate in or direct or consent to the constitutional violation does not state a viable claim because *respondeat superior* is not sufficient to support a § 1983 claim. *See Childress v. Walker,* 787 F.3d 433, 439-40 (7th Cir. 2015); *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010) ("It is well established that there is no *respondeat superior* liability under § 1983."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005).

Major Davis, Captain Thomas, and Lieutenant Krull appear to have been named solely because of their supervisory or administrative position. There are not sufficient factual allegations of personal

knowledge or involvement made against Major Davis, Captain Thomas, or Lieutenant Krull to bring them within the scope of liability for deliberate indifference. Therefore, the claims against Major Davis, Captain Thomas, and Lieutenant Krull are **dismissed for failure to state a claim upon which relief can be granted.**

There are no allegations against Geo Group, Inc. It appears in the caption and identified as a defendant, but is otherwise not mentioned in the complaint. Any claim against Geo Group, Inc. is **dismissed for failure to state a claim upon which relief can be granted.** *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.").

## IV. Discussion of Claims

Given the foregoing, the following claims **shall proceed**:

- An Eighth Amendment claim against Sergeant Heady and Officer McGraff.

The claims against defendants Geo Group, Inc., Lieutenant Krull, Major Davis, and Captain Thompson are **dismissed**. The Clerk **shall update** the docket **by terminating** defendants Geo Group, Inc., Lieutenant Krull, Major Davis, and Captain Thompson.

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through April 15, 2018,** in which to identify those claims.

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep

the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 03/15/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JERMOND KING
121295
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com