UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERMOND KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00796-SEB-MJD |
| | ) | |
| HEADY Sgt., | ) | |
| MCGRAFF, | ) | |
| MARLA COOK, | ) | |
| TRINA RANDALL, | ) | |
| GEO GROUP INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Plaintiff's First Motion to Compel**

On January 14, 2019, plaintiff Jermond King filed his first motion to compel, dkt. [44], requesting that the Court order the defendants to produce documents responsive to his Request for Production Nos. 6 and 13-16.

Mr. King's Request for Production No. 6 requests documents relating to "[a]ll lawsuits filed against and served upon current and former GEO Group, Inc. employees at the New Castle Correctional Facility, during the last five (5) years, which alleged they failed to protect a prisoner(s) from (an)other prisoner(s)." Dkt. 44-1 at 2. The defendants' full response is:

> Objection. The request is overly broad, burdensome, and irrelevant to the allegations the Plaintiff has raised against these Defendants. Moreover, the mere fact that a lawsuit has been filed against any former or current GEO employee is irrelevant to the claims of the Plaintiff herein. Finally, to the extent any such lawsuit(s) exist, the same are public documents, public records, and as burdensome on the Plaintiff to locate as the Defendants.

*Id*. Mr. King alleges that as a *pro se* litigant, he does not have the ability to search and obtain copies of the requested lawsuits, even if they are public records. Dkt. 44 at 2. He further alleges that these documents are relevant to help him identify potential witnesses that can testify about the

widespread and long-standing custom to hold Geo Group, Inc. liable for their failure to protect inmates from other inmates. *Id.*

Request for Production Nos. 13-16 request information relating to another inmate, Christopher Randall, including his conduct report history, a print out from the OIS of his criminal history, and the investigative records/files for all incidents of violence and death he was accused of committing or found to be responsible for. Dkt. 44-1 at 4-5. The defendants' full response is:

> Objection, this request should be directed to Offender Christopher Randall as those records are personal to him or to the Indiana Department of Correction as the offender at issue is an offender of that entity, not of any named Defendant herein. As a further objection, the exchange of offender information about any offender to another offender creates a security risk in that correctional facility. Subject to and without waiving the objection, to the extent Plaintiff tenders to Defendants a signed authorization from Offender Randall permitting the disclosure of these documents to Plaintiff and secures authorization from the Court subsequent to a denial of the objection herein, said documents will be tendered to Plaintiff if the same exist in the custody or control of Defendant, The GEO Group, Inc.

*Id.* Mr. King alleges that the defendants' objection that the request should be directed to Randall is of no import as GEO Group, Inc. actually possess and has access to the requested documents. He further notes that because Randall assaulted and stabbed him, there is no way Randall will sign a release to him. Lastly, the records will show what the defendants knew about Randall and whether they did their due diligence and investigated allegations about Randall prior to the assault, which is critical to Mr. King's deliberate indifference claim.

Federal Rule of Civil Procedure 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad, and Mr. King has sufficient explained why his requests are relevant to his claims in this action.

The defendants failed to file a response to Mr. King's motion to compel, and the time to do so has passed. The Court generally expects responses to motions to compel, even those filed by *pro se* litigants. The Court further notes if the defendants had security concerns about a discovery request, they should have filed a motion for protective order instead of utterly failing to turn over any documents and incorrectly asserting that the burden was on the plaintiff to seek authorization from the Court. *See Fed. R. Civ. P.* 37(d)(2) ("***Unacceptable Excuse for Failing to Act****. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).*").

Mr. King's first motion to compel, dkt. [44], is **GRANTED**. The defendants shall produce all responsive, non-privileged documents responsive to Mr. King's Request for Production Nos. 6, 13-16 by **February 15, 2019**. To the extent required, the defendants may file a motion for a protective order or *in-camera* review as to any confidential documents. The defendants shall file a notice of compliance within fourteen (14) days of the issuance of this Order.

**IT IS SO ORDERED.**

Date:    2/8/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JERMOND KING
121295
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel