UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERMOND KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00796-SEB-MJD |
| | ) | |
| HEADY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Summary Judgment on Eighth Amendment Claims,
Relinquishing Supplemental Jurisdiction over State-Law Claims,
and Directing Entry of Final Judgment**

Plaintiff Jermond King, an inmate at New Castle Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to his safety in the face of a threat from his cellmate. The defendants—Mala Cook, Trina Randall, Sergeant Heady, Officer McGrath, and GEO Group, Inc.—have filed a motion for summary judgment. Dkt. 65, 66. For the reasons below, the Court grants summary judgment as to Mr. King's Eighth Amendment claims and declines to continue exercising jurisdiction over his remaining state-law claims.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted undisputed (or disputed) fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce

1

admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

Mr. King has not responded to the defendants' motion for summary judgment, and the deadline to do so has passed. As a result, Mr. King has conceded the defendants' version of events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact

precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Factual Background

Because Mr. King has failed to respond to the defendants' summary judgment motion, the Court sets forth the facts as stated by the defendants, except where otherwise noted.

In August and September 2017, Mr. King was incarcerated at New Castle, which is operated by GEO Group. Ms. Cook, Ms. Randall, Sergeant Heady, and Officer McGrath were GEO Group employees.

In late August or Early September 2017, Mr. King and his cellmate began arguing with each other. During this time, the cellmate threatened to "beat up" Mr. King. In the first week of September 2017, the cellmate pushed Mr. King out of the way in their shared cell.

Ms. Cook was a teacher in Mr. King's housing unit. Ms. Cook states in an affidavit that Mr. King never told her that his cellmate had threatened violence. At most, Mr. King complained about disliking his cellmate. This would not have surprised Ms. Cook because many people disliked Mr. King's cellmate.

Ms. Randall was the unit team manager where Mr. King was housed. Ms. Randall stated in response to interrogatories that she did not recall being notified by Mr. King that his cellmate had threatened him.

In late August 2017, New Castle created a policy limiting inmate movement during recreation time. That policy was documented in a memorandum:

> Be advised, that as of 08/21/2017, they're [sic] no longer be a half time (Rest Room Break) in the units during recreation. This is due to all the activities that has occurred in the past several months, (Assaults, Fighting, and offenders being in unauthorized area).

> At the beginning of your recreation line you will be required to bring your shower items out with you, if you request for your door to be open, your recreation period will end during this time period.

Dkt. 67-15 at 7.

Mr. King alleges that on September 9, 2017, he had locked his cellmate in their cell during recreation because the cellmate had displayed aggression toward Mr. King. Sergeant Healy and Officer McGrath allegedly opened the door for Mr. King's cellmate while recreation was ongoing. Mr. King had not notified them of any perceived threat from his cellmate. The cellmate proceeded to the unit's shower area, where he stabbed Mr. King in the face with a homemade weapon.

### III. Eighth Amendment Claims

The Court will first address the Eighth Amendment claims against Sergeant Healy and Officer McGrath before turning to those against Ms. Cook and Ms. Randall and finally to that against GEO Group.

The Eighth Amendment "requires that prison officials 'take reasonable measures to guarantee the safety of the inmates,'" and this includes a duty "to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 522 U.S. 825, 832–833 (1994). "A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Id.* (internal quotations omitted).

4

**A. Sergeant Healy and Officer McGrath**

Mr. King alleges that his cellmate made an aggressive gesture toward him at the beginning of recreation time, so Mr. King locked him in the cell. Mr. King further alleges that Sergeant Healy and Officer McGrath opened the door to Mr. King's cell during recreation time, allowing Mr. King's cellmate to exit (and stab Mr. King). This was arguably a violation of the prison's policy eliminating "half-time" recreation breaks. But 42 U.S.C. § 1983 "protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Mudd v. City of Fort Wayne*, 732 Fed. App'x 471, 472 (7th Cir. 2018) (same). A mere policy violation is not enough to show deliberate indifference.

There is no evidence that Sergeant Healy or Officer McGrath knew of any threat posed to Mr. King by his cellmate. Accordingly, Sergeant Healy and Officer McGrath are entitled to judgment as a matter of law on the Eighth Amendment claims against them.

**B. Ms. Cook and Ms. Randall**

Mr. King alleges that he asked Ms. Cook and Ms. Randall in early September to be moved to a new cell because his cellmate had threatened him. Ms. Cook and Ms. Randall assert that they do not recall Mr. King reporting any threats. Dkt. 66 at 3; *see also* dkt. 67-3 at 2 (Cook affidavit); dkt. 67-13 at 1 (Randall interrogatory response).

Ms. Cook's and Ms. Randall's denials are supported by the record. In Mr. King's grievance related to the stabbing, he did not mention reporting that he felt endangered by his cellmate; he blamed the stabbing on Officer McGrath and Sergeant Healy for opening his cell door. Dkt. 18-1 at 1−2; *see also* dkt. 67-14 at 5−6 (Mr. King's Notice of Tort alleging that he was stabbed because (1) Officer McGrath and Sergeant Healy opened the cell door in violation of prison policy and (2) the housing unit was understaffed). And Mr. King knew how to get moved if he felt threatened.

He requested and received a housing transfer in October 2016, less than a year before the alleged stabbing, when he complained about threats by another inmate. Dkt. 67-14 at 21.

Mr. King has not disputed either Ms. Cook's or Ms. Randall's denial. Accordingly, Ms. Cook and Ms. Randall are entitled to judgment as a matter of law on the Eighth Amendment claims against them.

### C. GEO Group

Mr. King alleges that GEO Group failed to enact and enforce policies to ensure that its employees take reasonable protective measures when inmates report threats from other inmates. *See Rice ex rel. Rice v. Corr. Mr. Edwards. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (§ 1983 claim against private corporation acting under state law must allege unconstitutional pattern, policy, or practice that caused injury). As discussed in Section III.B, there is no disputed question of material fact regarding whether Mr. King reported any threat from his cellmate. Moreover, GEO Group maintained a policy to protect inmates who faced threats from other inmates. *See generally* dkt. 67-2 (Sammy Joseph affidavit). Indeed, Mr. King made use of this policy in October 2016 when he sought and obtained a housing transfer based on threats from another inmate. Dkt. 67-14 at 21. Accordingly, GEO Group is entitled to judgment as a matter of law on the Eighth Amendment claim against it.

### IV. State-Law Claims

Mr. King's negligence and battery claims are rooted in Indiana law. Because they were joined with his Eighth Amendment claims, the Court exercised supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. With all Eighth Amendment claims now dismissed, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the

state-law claims. For the reasons that follow, the Court relinquishes supplemental jurisdiction over Mr. King's state-law claims and dismisses them without prejudice.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); see 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit instructs district courts, in the ordinary case, "to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics v. Metropolitan Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted). Exceptions to the general rule exist "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The Court finds no reason to deviate from the usual practice in this case. The statute of limitations will not have run on Mr. King's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). The Court has not expended significant resources on the pending state-law claims, and the Court does not expect that the parties' efforts with respect to those claims in discovery and briefing will go to waste. The evidence and legal research that would have been relevant in a federal case should be every bit as relevant in a state-court proceeding. The Court decided Mr. King's Eighth Amendment claims on the deliberate-indifference element, which is not at issue in his state-law claims. Finally, as always, comity favors allowing state courts to decide issues of state law.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

### V. Conclusion

The defendants' motion for summary judgment, dkt. [65], is **granted** insofar as the Court grants judgment as a matter of law in the defendants' favor on the Eighth Amendment claims. The Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

Final judgment consistent with this entry shall now issue. Mr. King's Eighth Amendment claims are **dismissed with prejudice**, and his negligence and battery claims are **dismissed without prejudice**.

**IT IS SO ORDERED.**

Date: 12/6/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JERMOND KING
121295
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com