UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERMOND KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00796-SEB-MJD |
| | ) | |
| HEADY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Relief from Judgment and Motion for Counsel**

This Court entered final judgment in favor of the defendants and against plaintiff Jermond King on December 6, 2019. Now before the Court are Mr. King's motion for relief from judgment and post-judgment motion for counsel. For the reasons below, Mr. King's motions are **denied**.

### I.  Background

Mr. King, an inmate in the Indiana Department of Correction, filed this civil rights action in Indiana state court alleging that the defendants were deliberately indifferent to his safety in the face of threats from his cellmate. The defendants removed the case to this Court on March 12, 2018. Mr. King actively litigated the case, filing multiple motions to compel and for sanctions, but he did not file a motion for assistance recruiting counsel—though he did file an unsuccessful motion for counsel in state court before the case was removed.

On March 21, 2019, the Court granted Mr. King's motion to reset the summary judgment deadline, allowing all parties through August 8, 2019, to file a motion for summary judgment. Dkt 57. The defendants filed a summary judgment motion on August 8, 2019, but Mr. King did not. Then, on August 29, 2019, Mr. King filed a motion to strike the defendants' summary judgment motion as untimely. Dkt. 70. On September 5, 2019, the Court denied the motion to

strike but allowed Mr. King through October 4, 2019, to respond to the defendants' summary judgment motion. Dkt. 71. That deadline passed, and he filed no response.

On November 13, 2019, Mr. King wrote a letter to the clerk asking for a copy of the docket sheet, which the clerk provided. Dkt. 72. On December 6, 2019, the Court granted the defendants' motion for summary judgment, and entered final judgment. Dkts. 73 and 74.

More than six months later, Mr. King filed a motion for relief from judgment, a motion to appoint counsel, a response to the motion for summary judgment, a statement of material facts in dispute, and several supporting documents. Dkts. 75−83.

Mr. King asserts that he has relied on assistance from multiple other inmates in litigating this action because he does not have sufficient legal knowledge and the Indiana Department of Correction does not provide sufficient legal resources. Dkt. 76 at 4−5. He further asserts that he has a learning disability and can "barely read and write." *Id.*; dkt. 81, ¶ 5. According to Mr. King, he never received the Court's order granting him an extension of time to respond to the defendants' summary judgment motion. Dkt. 76 at 5−6. He acknowledges that he received the Court's order granting summary judgment and the entry of final judgment, but he claims he did not understand the import of these documents. *Id.* at 3.

## II.     Applicable Law

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). Although the Court has "wide

discretion" under Rule 60(b)(6), relief "is available only in extraordinary circumstances." *Id.* (internal quotations omitted).

### III. Discussion

Although Mr. King argues only for relief based on Rule 60(b)(6), because he is proceeding *pro se*, the Court will consider also whether he is entitled to relief under Rule 60(b)(1) based on "excusable neglect."

Inattentiveness to one's litigation is neglect, but not excusable. *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020); *see Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (counsel's inattentiveness does not warrant Rule 60(b)(1) relief). Specifically, even a *pro se* litigant cannot show excusable neglect when he "did not receive notice because he failed—for more than half a year—to track an active case." *Shaffer*, 962 F.3d at 317. When Mr. King received the docket sheet in November 2018, he knew or should have known that he had missed the deadline to respond to the defendants' summary judgment motion. He should have taken immediate action—any action. Instead, he waited more than six months to file a motion for relief from judgment.

While Mr. King alleges that he has a limited education and difficulties reading and writing, those facts do not excuse him from managing the litigation that he initiated. He has provided no evidence that he was incapable of reading the docket sheet or finding someone to help him do so. Accordingly, Mr. King has not shown excusable neglect such that he is entitled to relief under Rule 60(b)(1). And for the same reasons, he has not demonstrated that his case presents "extraordinary circumstances" such that he is entitled to relief under Rule 60(b)(6).

### IV. Conclusion

Mr. King's motion for relief from judgment, dkt. [76], is **denied**. Because this action is closed, Mr. King's motion to appoint counsel, dkt. [77], is **denied** as moot.

**IT IS SO ORDERED.**

Date: 7/29/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JERMOND KING
121295
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com